UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW WATTERS,

    Plaintiff,

    v.

LADY BENJAMIN CANNON,

    Defendant.

Case No. 4:23-cv-01538-DMR  (WHO)

**ORDER REMANDING CASE**

Re: Dkt. Nos. 2, 4, 5, 12

    This case was removed from state court on March 31, 2023, and the plaintiff filed an emergency ex parte application for remand on April 5, 2023. [Dkt. No. 4]. According to the motion, there is a trial set to begin in state court on Monday, April 10, 2023.

    A defendant may generally remove a case from state court to federal court, but as with all cases, the federal court must have subject matter jurisdiction over it. *See* 28 U.S.C. § 1442(a)-(c). The burden is on the removing defendant to establish the basis for subject matter jurisdiction. *See Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). I have a duty to ascertain whether I have jurisdiction and must remand a case if I do not. *See* 28 U.S.C. § 1447(c).

    Cannon's removal notice does not clearly provide a reason for why she believes this case belongs in federal court. Upon review of the notice, motion, and complaint, it is clear that I lack federal jurisdiction because no federal question is presented on the face of the plaintiff's complaint. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). And I lack diversity jurisdiction because the defendant states in her removal notice that she is a citizen of California, and the plaintiff confirms in his motion he is also a citizen of California. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016) (noting it is the removing party's burden to

1 show that diversity jurisdiction exists). Indeed, I previously adopted the Report and
2 Recommendation of the Honorable Judge Tse remanding this identical case to state court for lack
3 of jurisdiction. *See Watters v. Cannon*, No. 3:22-cv-02476-WHO, Dkt. Nos. 10, 13.

4 Therefore, these state law claims belong in state court and I lack subject matter jurisdiction
5 to hear this case. The motion to remand is GRANTED and I ORDER that case be REMANDED
6 to the California Superior Court for the County of San Francisco. I caution the defendant that she
7 may not remove this case for a third time unless she can point to material changes in the
8 underlying circumstances, meaning that the parties are no longer citizens of the same state or that
9 the plaintiff has asserted claims that present federal questions.

10 Because I do not have jurisdiction over this case, the pending Motion to Appoint Guardian
11 ad Litem, Dkt. No. 5, is DENIED. The Motion to Consolidate Cases, Dkt. No. 12, is DENIED.
12 Finally, having considered the defendant's Application for Leave to Proceed in Forma Pauperis as
13 well as the complaint, Dkt. No. 2, the application is GRANTED.

14 **IT IS SO ORDERED.**

15 Dated: April 7, 2023



William H. Orrick
United States District Judge